**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11, Subchapter V |
| **ANATOLIA, INC.,** | ) | Case No. 3:26-bk-04929 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |

**VERIFIED DECLARATION OF HUSEYIN USTUNKAYA**

The above-captioned debtor, Anatolia, Inc. (the "Debtor" or the "Company"), respectfully submits, pursuant to Local Rule 9075-1, this Verified Declaration in support of the Debtor's *Expedited Motion for Authorization to Pay Pre-Petition Wages* (the "Wages Motion"), and justifying the setting of a hearing on the Wages Motion on shortened notice as requested in the Debtor's *Notice and Motion for Order Setting Hearing on Shortened Notice on First Day Motion for Authority to Pay Pre-Petition Wages* (the "Shortened Notice Motion").

**VERIFIED STATEMENT**

I, Huseyin Ustunkaya, hereby swear under penalty of perjury as follows:

1. I am the President of the Debtor; my brother, Harun Ustunkaya, and I own all of its stock. I run the restaurant day to day and am familiar with the Debtor's operations, business affairs, and books and records.

2. On October 9, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code. Except as otherwise indicated, the statements in this Declaration are based on my personal knowledge, my review of the Debtor's books and records, or information provided to me by the Debtor's advisors, and if called to testify I could and would testify competently to them.

3. I have reviewed the Debtor's Company Profile (the "Company Profile"). I provided or reviewed the information contained therein, and it is true and accurate to the best of my knowledge. The Company Profile is incorporated herein by reference. All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Company Profile.

4. I provide this statement in support of the Wages Motion and the Shortened Notice Motion.

***The Wages Motion***

5. The Wages Motion must be set for hearing on a shortened time frame. The Debtor operates Anatolia Turkish Restaurant at 48 White Bridge Pike in Nashville and has eight employees, all paid biweekly. Each two-week pay period closes on a Sunday and is paid during the following week. The current pay period runs from October 5 through October 18, 2026 and will be paid during the week of October 19, 2026. From October 5 through October 8, 2026, before the Petition Date, the Debtor's employees worked 181 hours and earned $1,749 in hourly wages, and the servers earned $2,058 in credit card tips that the Debtor holds for them. With the pre-petition portion of the $3,000 biweekly wage for each of my brother and me, $857 each, the pre-petition portion of the current payroll is $3,463 in wages, plus the $2,058 of tips. I have reviewed the Wages Motion, and the facts stated in it are true and correct to the best of my knowledge.

6. The Wages Motion seeks authority to pay only the wages earned from October 5, 2026 through the Petition Date, together with the associated payroll taxes and withholdings, through ADP on the regular payroll date, and to have the Debtor's bank honor any payroll checks or transfers from the October 4 payroll that had not cleared as of the Petition Date.

7. The Debtor does not seek to pay wages for any earlier pay period; one employee, Shoira Abdurakhimova, is owed about $4,600 from earlier pay periods.

8. One of the Debtor's eight employees, Deniz Ustunkaya, is a relative of mine; Deniz is paid hourly through ADP for hours worked, like every other employee.

9. My brother and I have not drawn a regular salary from the Debtor. The Debtor has compensated us through distributions and payment of certain personal expenses. For the pay period that closed on October 4, 2026, as in a few pay periods earlier this year, the Company paid each of us $3,000 through ADP. This is the wage that we will be paid going forward. The Wages Motion seeks authority to pay my brother and me the pre-petition days of the current pay period at that wage, $857 each, on the same terms as the other employees. Beginning with the first post-petition payroll, my brother and I will each be paid $3,000 gross per pay period by the Debtor through ADP for our full-time work in the restaurant, in lieu of any other compensation, distributions or payment of our personal expenses by the Debtor.

10. No employee's or shareholder's pre-petition claim approaches the $17,150 priority cap under section 507(a)(4) of the Bankruptcy Code.

11. The Debtor's business operations and reorganization efforts will suffer immediate and irreparable harm if its employees are not paid in full for the work they performed in the days before the Petition Date. The Debtor is a restaurant. Its employees are kitchen and front-of-house staff who depend on each paycheck, and a paycheck short by more than a third in the opening weeks of this case would cause resignations and service disruption that a ten-person restaurant cannot absorb. The Debtor's ability to reorganize depends on keeping the restaurant open and fully staffed, and on a business-as-usual posture with its employees, customers, and vendors.

12. The timing is critical. The current payroll will be funded through ADP when management submits it during the week of October 19, 2026, and a hearing on regular notice would

fall after that week. If the Court has not acted by then, the Debtor will have to run payroll without the pre-petition portion, and its employees will absorb the shortfall.

***Shortened Notice***

13. For the reasons above and as set forth in the Shortened Notice Motion, the relief requested in the Wages Motion is needed before it could be heard on regular notice.

14. As described in the Company Profile, the Debtor's affiliates, Chateau West End Inc. and Saka Inc., have been evaluating whether to file their own petitions. Neither has filed as of the date of this Declaration, and this Declaration and the Wages Motion concern only the Debtor and its employees.

15. The Wages Motion therefore should be heard on shortened notice.

**VERIFICATION**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this the 14th day of October, 2026.

/s/ Huseyin Ustunkaya
Huseyin Ustunkaya
President, Anatolia, Inc.

Respectfully submitted,

/s/ R. Alex Payne
R. Alex Payne
DUNHAM HILDEBRAND PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
629.777.6539
alex@dhnashville.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

On October 14, 2026, the foregoing was served via CM/ECF on all parties consenting to electronic service in this case, and by regular mail, email, or fax (as applicable) to: (i) the Debtor's secured creditors and the parties asserting liens of record against the Debtor, (ii) the Debtor's twenty largest unsecured creditors, (iii) the Office of the United States Trustee and the Subchapter V Trustee, and (iv) the parties at the addresses set forth in the certificate of service to the Wages Motion.

/s/ R. Alex Payne
R. Alex Payne